UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Eric Walter Gray,<br><br>                    Plaintiff,<br><br>          v.<br><br>Pasadena Police Department, et al.,<br><br>                    Defendants. | Case No. 2:23-07293 MRA (ADS)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This Report and Recommendation is submitted to the Honorable Mónica Ramírez Almadani, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

I. **<u>INTRODUCTION</u>**

Before the Court is a pro se civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983"), filed by Plaintiff Eric Walter Gray.  Currently, Plaintiff is a pretrial

detainee held at Orange County Jail.  However, Plaintiff was at-liberty when the events alleged in the action took place.

In this action, Plaintiff alleges that a 911 dispatcher and police officers failed to protect him when he called 911 to report that he was being followed.  Plaintiff also alleges that another police officer used excessive force by pushing him.  Plaintiff alleges that same officer failed to provide medical care when Plaintiff told the officer he was suffering an anxiety attack and asked the officer to call an "Emergency Medical Team"[1] ("EMT") or arrest him and the officer initially refused.  Plaintiff was then taken to the hospital for his anxiety attack by EMTs.  Plaintiff names Jane Doe #1, a police dispatcher, John Doe #2, a patrol officer and John Doe #3, a patrol officer, as defendants in their individual and official capacities.  Plaintiff also names the Pasadena Police Department as a defendant.  The Complaint seeks to hold liable Defendants Doe #1 and Doe #2 for failure to protect and Defendant Doe #3 for excessive force and failure to provide medical care.  The Complaint also seeks to hold the Pasadena Police Department liable for these alleged violations.  The Complaint fails to state a claim upon which relief can be granted and must be dismissed.

## II.    PROCEDURAL HISTORY

On August 31, 2023, pro se Plaintiff Eric Walter Gray filed a Civil Rights Complaint (the "Complaint").  (Dkt. No. 1).  On May 10, 2024, the Court issued an Order Dismissing Complaint with Leave to Amend for failure to state a claim (the "Order") (Dkt. No. 27.)  The Order required Plaintiff to respond by May 31, 2024, with his choice of one of the following: (1) to file a first amended complaint, (2) to proceed with the

---

[1] The term EMT is generally known to mean Emergency Medical Technician.

Complaint despite the identified infirmities, or (3) to voluntarily dismiss the Complaint. The Order expressly cautioned Plaintiff the Court may recommend the Complaint be dismissed with prejudice to the District Judge." (Dkt. No. 27 at 7.)  Plaintiff failed to respond by the Court's deadline.

On August 23, 2024, the Court issued an Order to Show Cause Why Case Should Not be Dismissed for Failure to Prosecute and Obey Court Orders (the "OSC").  (Dkt. No. 30.)  The OSC ordered Plaintiff to file a first amended complaint or a written response by no later than September 13, 2024.  On September 5, 2024, Plaintiff filed a Response to the OSC, stating that Plaintiff elects to move forward with the Complaint. (Dkt. No. 31.)

## III.    FACTUAL ALLEGATIONS

The Complaint alleges that on either March 3 or March 4, 2023 (the "Incident Date"), Plaintiff suffered several constitutional violations.  The Complaint alleges that on the Incident Date, Plaintiff was walking along a street with a friend in Pasadena, California, when Plaintiff noticed unidentified men looking at him from a moving car. (Compl. at 5.) The Complaint alleges that Plaintiff, who was suspicious of the unidentified men, entered a supermarket since he believed it was a secure location.  (Id. at 6.) The Complaint alleges that one of the unidentified men entered the supermarket, stared directly at Plaintiff, and then left the store.  (Id. at 7.)

The Complaint alleges that Plaintiff believed he was in danger and called 911. (Id.) Plaintiff spoke with Doe #1, the police dispatcher.  (Id.) After Plaintiff told Doe #1 about the situation, Doe #1 told Plaintiff a police unit would arrive at an indeterminate time because she did not believe Plaintiff's life was in danger and there were multiple 911 calls with priority.  (Id. at 7-8.) Plaintiff then called Doe #1 back two more times,

but each time was told an officer would not arrive any sooner and that Plaintiff needed to stop calling 911. (Id. at 8-9.)

The Complaint alleges that a patrol call, driven by Doe #2, arrived approximately thirty minutes later. (Id. at 10.) Plaintiff asked Doe #2 to take him to his cousin's house because Plaintiff felt unsafe at the supermarket. (Id.) Doe #2 then drove Plaintiff to his cousin's house, dropped Plaintiff off, and left. (Id. at 11.)

The Complaint alleges that Plaintiff's cousin noticed Plaintiff was having an anxiety attack. (Id.) Plaintiff's cousin allegedly felt uncomfortable and decided Plaintiff could not stay with them. (Id.) Plaintiff's cousin called 911 and asked for Plaintiff to be removed from the location and to be given help. (Id. at 12.) A police officer, Doe #3, arrived thereafter. (Id.) Plaintiff told Doe #3 he was having an anxiety attack and asked Doe #3 to have an EMT take him to the hospital, which Doe #3 refused. (Id.) Plaintiff again asked Doe #3 to call for an EMT, to which Doe #3 refused again, telling Plaintiff to "take a walk." (Id. at 13.) Plaintiff continued to ask Doe #3 to call an EMT, or in the alternative to arrest Plaintiff and take him to jail because he had a warrant for parole violation. (Id.) Doe #3 allegedly refused and pushed Plaintiff in the chest twice. (Id. at 14.) Another patrol car then arrived at which point Doe #3 and an unidentified officer called an EMT for Plaintiff. (Id.) An EMT arrived, and Plaintiff was taken to a hospital for an anxiety attack. (Id. at 15.)

Based on the foregoing factual allegations, Plaintiff alleges his Fourth and Fourteenth Amendment rights were violated. (Id. at 16.) Specifically, Plaintiff alleges that Does #1 and #2 failed to protect Plaintiff in violation of the Fourth and Fourteenth Amendments. (Id. at 16-17.) In addition, Plaintiff alleges that Doe #3 used excessive force and failed to provide Plaintiff with medical care. (Id. at 17.)

## IV.    ANALYSIS

### A.    Legal Standard

Pursuant to 28 U.S.C. § 1915, federal courts must screen complaints filed by plaintiffs proceeding in forma pauperis to dismiss claims that are frivolous, malicious, fail to state a claim upon which relief can be granted, or seek monetary relief from defendants immune from such relief.  28 U.S.C. § 1915(e).  The Court accepts as true the factual allegations contained in the SAC and construes all reasonable inferences in Plaintiff's favor.  See Hamilton v. Brown, 630 F.3d 889, 893 (9th Cir. 2011).  However, the Court need not accept as true "a legal conclusion couched as a factual allegation." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The Court liberally construes the Complaint because Plaintiff is proceeding pro se.  Hamilton, 630 F.3d at 893.

### B.    Discussion

The Court views Plaintiff's lack of response to the Order and his response to the OSC as an election to proceed with the Complaint despite its infirmities, which is evidence of Plaintiff's inability to cure the defects identified in the Court's Order.  For the reasons described below, the Court dismisses the complaint.

#### 1.    Official Capacity/Monell Claims

Plaintiff sues Defendants in both their individual and official capacities. When a plaintiff brings an official capacity claim, the claim is really against "the governmental entity and not the named official." Hafer v. Melo, 502 U.S. 21, 25 (1991).  A municipal defendant can only be held liable under Section 1983 where a plaintiff's injuries are traceable to a policy or practice of the municipal defendant.  Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691 (1978).  This type of claim is commonly known as a Monell claim.  However, other than checking official capacity and naming

Pasadena Police Department as a defendant, there is no indication that Plaintiff intends to sue the governmental entity rather than the individual Doe defendants.  The Complaint fails to plead that there was any policy or practice of the municipal entity that caused Plaintiff's alleged injuries.  To the extent Plaintiff intended to state an official capacity or <u>Monell</u> claim, it is dismissed.

### 2.    Excessive Force Claim

The Complaint alleges that Doe #3 used excessive force by shoving Plaintiff in the chest twice.  (Compl. at 14-15.)  An officer's use of force is excessive, in violation of the Fourth Amendment, if it is objectively unreasonable.  <u>Graham v. Connor</u>, 490 U.S. 386, 395–97 (1989).  The reasonableness of the use of force is judged from the perspective of a reasonable officer on the scene, balancing "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." <u>Id.</u> at 396.  Courts "also consider, under the totality of the circumstances, the quantum of force used to arrest the plaintiff, the availability of alternative methods of capturing or detaining the suspect, and the plaintiff's mental and emotional state." <u>Luchtel v. Hagemann</u>, 623 F.3d 975, 980 (9th Cir. 2010) (citations omitted).  "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." <u>Graham</u>, 490 U.S. at 396

The Complaint does not allege sufficient facts to state a plausible excessive force claim against Doe #3.  The Complaint alleges that he repeatedly requested that Doe #3 call him an EMT or arrest him.  Doe #3 refused Plaintiff's requests, telling Plaintiff to "take a walk" and then shoved Plaintiff in the chest twice.  The Complaint does not allege any facts that show more than a minimal quantum of force was used.  Nor does the Complaint allege facts showing that Doe #3's actions were objectively unreasonable,

given Plaintiff's refusal to follow Doe #3's direction.    Plaintiff's excessive force claim against Doe #3 is dismissed.

### 3.    Plaintiff's "Failure to Protect" Claims

Plaintiff alleges that Doe #1 and Doe #2 failed to protect him in violation of the Fourth and Fourteenth Amendments.  (Compl. at 16-17.) Plaintiff also alleges that Doe #2 violated his unidentified "state law rights." (Id. at 17.)  This ambiguity violates Rule 8 of the Federal Rules of Civil Procedure ("Rule 8"), warranting dismissal.  Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief".  A defendant must be able to discern what claim is asserted against him.  See Brazil v. United States Dep't of the Navy, 66 F.3d 193, 199 (9th Cir. 1995) ("pleadings...must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong.")

Moreover, Plaintiff fails to state a claim for failure to protect under the 14th Amendment.  The Fourteenth Amendment's Due Process Clause generally does not confer any affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests.  Patel v. Kent Sch. Dist., 648 F.3d 965, 971 (9th Cir. 2011) (citing DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 196 (1989)).  The Fourteenth Amendment typically does not impose a duty to protect individuals from third parties.  Id. (quoting Morgan v. Gonzales, 495 F.3d 1084, 1093 (9th Cir. 2007)).  The Complaint does not allege that Doe #1 and Doe #2, have a duty to protect, did anything wrong, or caused or allowed any injury to Plaintiff. According to the allegations, Doe #1 sent a police car to the supermarket as Plaintiff requested, and Doe #2 took Plaintiff to his cousin's house as requested.  Plaintiff's failure to protect claims against Does #1 and #2 are dismissed.

### 4. Medical Care Claim

The Complaint alleges that Doe #3 violated Plaintiff's "constitutional right to medical care." (Compl. at 13.) Plaintiff alleges Doe #3 failed to call an EMT immediately upon Plaintiff's request. Although the specific claim Plaintiff intends to assert is less than clear, under the Fourth Amendment, officers must provide objectively reasonable post-arrest care to a person injured while in custody. See Tatum v. City & Cnty. of San Francisco, 441 F.3d 1090, 1099 (9th Cir. 2006) (evaluating police decision not to perform CPR after arresting and handcuffing plaintiff under Fourth Amendment reasonableness standard).

The Complaint does not state a claim against Doe #3 for a failure to provide medical care. Plaintiff was never in custody, and the Complaint alleges EMTs arrived and took Plaintiff to the hospital to address his anxiety attack. The failure to provide medical care claim is dismissed.

## V. LEAVE TO AMEND

The Complaint fails to state a claim upon which relief can be granted against any of the named defendants. If the Court finds that a complaint fails to state a claim, the Court has discretion to dismiss with or without leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126–30 (9th Cir. 2000) (en banc). In the Ninth Circuit, courts should grant leave to amend if it appears possible that the defects in the complaint could be corrected. See id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."). However, if, after careful consideration, it is clear that amendment cannot cure a complaint, the Court may

dismiss without leave to amend.  Cato, 70 F.3d at 1105 06 (affirming district court's dismissal of the complaint with prejudice pursuant to 28 U.S.C. § 1915(d)).

In this case, Plaintiff was given the opportunity to amend his Complaint to cure the defects identified in the Court's Order.  (Dkt. No. 27.)  Instead of curing the defects in the Complaint, Plaintiff filed a Response to OSC that simply restated some of the allegations in the Complaint and asked to move forward with his Complaint.  (Dkt. No. 31.)  The Court views this as Plaintiff's admission he cannot cure the defects found in the Complaint.  Therefore, leave to amend is not warranted.

## VI.    **CONCLUSION**

For the foregoing reasons, it is recommended that the District Judge issue an Order (1) accepting this Report and Recommendation; (2) dismissing the Complaint for failure to state a claim, without leave to amend; and (3) directing that Judgment be entered accordingly.

IT IS SO ORDERED.


Dated:  02/03/2025

                     /s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge